US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

OCT - 4 2019

DOUGLAS F. YOUNG, Cler
By
Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 5:19-CR-50079-001-002 |
| v. ) | 8 U.S.C. § 1324(a)(1)(A)(ii) |
| ) | 8 U.S.C. § 1324(a)(1)(A)(v)(I) |
| PAUL PETERSEN and - 001 ) | 8 U.S.C. § 1324(a)(1)(B)(i) |
| MAKI TAKEHISA  - 002 ) | 8 U.S.C. § 1324(a)(1)(A)(iv) |
| ) | 8 U.S.C. § 1324(a)(1)(A)(v)(II) |
| ) | 18 U.S.C. § 1343 |
| ) | 18 U.S.C. § 1341 |
| ) | 18 U.S.C. § 371 |
| ) | 18 U.S.C. § 1546(a) |
| ) | 18 U.S.C. § 1956(h) |
| ) | 18 U.S.C. § 1956(a)(1)(B)(i) |
| ) | 18 U.S.C. § 2 |

**SUPERSEDING INDICTMENT**

The Grand Jury charges that:

At all times material to this Superseding Indictment:

**INTRODUCTION**

1.  The Republic of the Marshall Islands (hereinafter the "RMI") is an island country near the equator in the Pacific Ocean, slightly west of the International Date Line. The country's population of 53,158 people is spread out over 29 coral atolls, comprising 1,156 individual islands. The capital and largest city is Majuro.

2.  In 1983, the United States entered into a Compact of Free Association (hereinafter, the "Compact") with the RMI government. The United States and the RMI signed an Amended Compact in 2003, which Congress codified at Public Law 108-188.

1

3. Section §141 of the Compact grants RMI citizens the ability to freely enter and take up employment within the United States. Section §141(b) prohibits RMI citizens from entering the United States under the Compact agreement if their travel is for the purpose of adoption. In pertinent part, the Compact states, "(b) Notwithstanding subsection (a) of this section, a person who is coming to the United States pursuant to an adoption outside the United States, or of adoption in the United States, is *ineligible* for admission under the Compact and the Compact as amended."

4. The Defendant, **PAUL PETERSEN**, is a licensed attorney who practices law in Arizona, Utah, and Arkansas.

5. The Defendant, **MAKI TAKEHISA**, is a citizen of the RMI.

### THE SCHEME AND ARTIFICE TO DEFRAUD

6. Beginning on an unknown date, but at least as early as April 21, 2014, and continuing to on or about March 2, 2015, in the Western District of Arkansas, and elsewhere, the defendant **PAUL PETERSEN** (hereinafter "**PETERSEN**"), aided and abetted by others known and unknown to the Grand Jury, knowingly and willfully devised and intended to devise a scheme and artifice to defraud and to obtain money and property from unknowing adoptive parents and others by means of material false and fraudulent pretenses, representations and promises and the concealment of material facts for the purpose of obtaining money that he would not have received had the adoptive parents and other government authorities known the facts involved in his scheme and artifice to defraud.

## THE MANNER AND MEANS

7. It was further part of the scheme and artifice to defraud that **PETERSEN** offered to pay and did pay sums of United States Currency to pregnant Marshallese women to induce them to travel to the United States for the purpose of placing their babies up for adoption in the United States.

8. It was part of the scheme and artifice to defraud that **PETERSEN and MAKI TAKEHISA** (hereinafter "**TAKEHISA**"), aided and abetted by others known and unknown to the Grand Jury, purchased airline tickets for pregnant Marshallese women to travel from the RMI to the Western District of Arkansas and back to the RMI.

9. It was further part of the scheme and artifice to defraud that **PETERSEN and TAKEHISA**, aided and abetted by others known and unknown to the Grand Jury, caused the pregnant Marshallese women to conceal the true purpose of their travel to the United States from the authorities in the RMI and the United States because the travel was in violation of the Compact.

10. It was further part of the scheme and artifice to defraud that **PETERSEN** caused case files to be opened in the Circuit Clerk's Offices in Washington and Polk Counties located in the Western District of Arkansas on adoptions that were supported by documents that contained fraudulent material false statements.

11. It was further part of the scheme and artifice to defraud that **PETERSEN** caused certain case opening documents to be sent by others through the United States Mail to government offices in Little Rock, Arkansas.

12. It was further part of the scheme and artifice to defraud that **PETERSEN** knowingly caused adoption court documents containing material false statements to be filed in the

Circuit Court for Polk County, Arkansas, and in the Circuit Court for Washington County, Arkansas, both of which are within the Western District of Arkansas.

13. It was further part of the scheme and artifice to defraud that **PETERSEN** caused certain case closing documents to be sent by others through the United States Mail to government offices in Little Rock, Arkansas.

14. It was further part of the scheme and artifice to defraud that **PETERSEN** intentionally concealed his own involvement in the payments of United States Currency to pregnant Marshallese women by causing wire transfers from an Arizona bank account held in his name to a bank account in Arkansas that was held in another individual's name.

15. It was further part of the scheme and artifice to defraud that **TAKEHISA** withdrew large sums of cash from her Arkansas bank account to pay the pregnant Marshallese women. The source of the cash payments **TAKEHISA** made to the pregnant Marshallese women was funds that had been wire transferred into her bank account from **PETERSEN's** bank account in Arizona.

## COUNT ONE

### CONSPIRACY TO SMUGGLE ILLEGAL ALIENS FOR COMMERCIAL ADVANTAGE AND PRIVATE FINANCIAL GAIN

**Title 8, United States Code, Sections 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i)**

16. The allegations contained in paragraph 1 through and including paragraph 15 are re-alleged and incorporated by reference as though set forth in their entirety.

17. Beginning on an unknown date, but at least as early as April 21, 2014, and continuing to on or about March 2, 2015, in the Western District of Arkansas, and elsewhere, the Defendants, **PAUL PETERSEN and MAKI TAKEHISA,** did knowingly conspire and agree

4

with other persons known and unknown to the grand jury, to transport and move and attempt to transport and move within the United States, R.M.J., A.T., R.J., and D.J., aliens who had come to, entered, and remained in the United States in violation of law, within the United States by means of transportation or otherwise, in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i).

## COUNTS TWO THROUGH FIVE

## AIDING AND ABETTING ALIEN SMUGGLING FOR COMMERCIAL ADVANTAGE AND PRIVATE FINANCIAL GAIN

**Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i)**

### COUNT TWO

18. Beginning on an unknown date, but at least as early as February 1, 2014, and continuing to on or about April 21, 2014, in the Western District of Arkansas, and elsewhere, the Defendant, **PAUL PETERSEN**, aiding and abetting others known and unknown to the grand jury, did encourage and induce an alien, namely, R.M.J., to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law, for the purpose of commercial advantage and private financial gain, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).

### COUNT THREE

19. Beginning on an unknown date, but at least as early as August 1, 2014 and continuing to on or about October 1, 2014, in the Western District of Arkansas, and elsewhere, the Defendant, **PAUL PETERSEN**, aiding and abetting others known and unknown to the grand

jury, did encourage and induce an alien, namely, A.T., to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law, for the purpose of commercial advantage and private financial gain, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).

## COUNT FOUR

20. Beginning on an unknown date, but at least as early as February 18, 2015 and continuing to on or about February 20, 2015, in the Western District of Arkansas, and elsewhere, the Defendant, **PAUL PETERSEN**, aiding and abetting others known and unknown to the grand jury, did encourage and induce an alien, namely, R.J., to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law, for the purpose of commercial advantage and private financial gain, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).

## COUNT FIVE

21. Beginning on an unknown date, but at least as early as February 27, 2015 and continuing to on or about March 2, 2015, in the Western District of Arkansas, and elsewhere, the Defendants, **PAUL PETERSEN** and **MAKI TAKEHISA,** Arkansas, aiding and abetting others known and unknown to the grand jury, did encourage and induce an alien, namely, D.J., to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States was in violation of law, for the purpose of

commercial advantage and private financial gain, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).

## COUNTS SIX THROUGH TWELVE

## WIRE FRAUD

### Title 18, United States Code, Section 1343 and 2

22. The allegations contained in paragraph 1 through and including paragraph 15 are re-alleged and incorporated by reference as though set forth in their entirety.

23. On or about the dates set forth below, each date being a separate count and violation of Title 18, United States Code, Section 1343, in the Western District of Arkansas, Fayetteville Division and elsewhere, the Defendant, **PAUL PETERSEN**, aided and abetted by others known and unknown to the Grand Jury, having intentionally devised the above-described scheme and artifice to defraud and for obtaining money and property from others by means of material false and fraudulent pretenses, representations and promises and concealment of material facts, transmitted and caused to be transmitted in interstate commerce the following wire communications:

| Count | Date | Signal and Sound |
|---|---|---|
| 6 | 08/01/2014 | Internet transmission sent to the Western District of Arkansas containing information regarding the United Airlines plane ticket for A.T. for travel from the RMI to Bentonville, Arkansas |
| 7 | 04/06/2015 | Internet transmission sent to the Western District of Arkansas containing information regarding the United Airlines plane ticket for A.T. for travel from Bentonville, Arkansas, to the RMI |
| 8 | 03/02/2015 | Internet transmission sent to the Western District of Arkansas containing information regarding the United Airlines plane ticket for D.J. for travel from the RMI to Bentonville, Arkansas |
| 9 | 06/09/2015 | Internet transmission sent to the Western District of Arkansas containing information regarding the United Airlines plane ticket for D.J. for travel from Bentonville, Arkansas, to the RMI |

| Count | Date | Signal and Sound |
|---|---|---|
| 10 | 02/20/2015 | Internet transmission sent to the Western District of Arkansas containing information regarding the United Airlines plane ticket for R.J. for travel from the RMI to Bentonville, Arkansas |
| 11 | 08/25/2015 | Internet transmission sent to the Western District of Arkansas containing information regarding the United Airlines plane ticket for R.J. for travel from Bentonville, Arkansas, to the RMI |
| 12 | 05/21/2015 | Internet transfer of $4,300.00 from an account named "LAW OFFICE OF PAUL D. PETERSEN to an account in the name of "MAKI TAKEHISA" |

All in violation of Title 18, United States Code, Sections 2 and 1343.

## COUNTS THIRTEEN THROUGH SEVENTEEN

## MAIL FRAUD

### Title 18, United States Code, Section 1341 and 2

24. The allegations contained in paragraph 1 through and including paragraph 15 are re-alleged and incorporated by reference as though set forth in their entirety.

25. On or about the dates set forth below, each date being a separate count and violation of Title 18, United States Code, Section 1341, in the Western District of Arkansas, Fayetteville Division and elsewhere, the Defendant, **PAUL PETERSEN**, aided and abetted by others known and unknown to the Grand Jury, having intentionally devised the above-described scheme and artifice to defraud and for obtaining money and property from others by means of material false and fraudulent pretenses, representations and promises and concealment of material facts and for the purpose of executing such scheme and artifice to defraud and attempting to do so, caused to be sent and delivered by the United States Postal Service the following packages and parcels:

| Count | Date Court Document Filed | County and Case Number | Date Mailed | Address mailed to | Mode of transportation |
|---|---|---|---|---|---|
| 13 | 12-18-2014 | Polk County Case No: PR-2014-138 | 12-18-2014 | **AOC** **625 Marshall St.,** **Little Rock, AR 72201** | **USPS** |

| | | | | | |
|---|---|---|---|---|---|
| 14 | 1-7-2015 | Polk County Case No: PR-2014-138 | 1-7-2015 | **Division of Vital Records** Little Rock, AR 72205 | **USPS** |
| 15 | 5-19-2015 | Washington County Case No: PR-2015-406-5 | 5-19-2015 | **AOC** 625 Marshall St., Little Rock, AR 72201 | **USPS** |
| 16 | 5-28-2015 | Washington County Case No: PR-2015-406-5 | 5-28-2015 | **Division of Vital Records** Little Rock, AR 72205 | **USPS** |
| 17 | 7-21-2015 | Polk County Case No: PR-2015-101 | 7-21-2015 | **AOC** 625 Marshall St., Little Rock, AR 72201 | **USPS** |

All in violation of Title 18, United States Code, Sections 2 and 1341.

## COUNT EIGHTEEN

## CONSPIRACY TO COMMIT VISA FRAUD

**Title 18, United States Code, Sections 371and Section 1546(a)**

26. The allegations contained in paragraph 1 through and including paragraph 15 are re-alleged and incorporated by reference as though set forth in their entirety.

27. Beginning on an unknown date, but at least as early as April 21, 2014, and continuing to on or about March 2, 2015, in the Western District of Arkansas, and elsewhere, the Defendants, **PAUL PETERSEN and MAKI TAKEHISA,** did knowingly conspire and agree with other persons known and unknown to the grand jury, to knowingly cause RMI citizens, namely, R.M.J., A.T., R.J., and D.J., RMI citizens, to make false claims to government officials that they were eligible for admission to the United States under the terms of the Compact, when, in fact, they were illegal aliens and should not have been permitted to enter the United States without a visa, all in violation of Title 18, United States Code Sections 371 and 1546(a).

## COUNT NINETEEN

## CONSPIRACY TO COMMIT MONEY LAUNDERING

### Title 18, United States Code, Section 1956(h)

28. The allegations contained in paragraph 1 through and including paragraph 15 are re-alleged and incorporated by reference as though set forth in their entirety.

29. Beginning on an unknown date, but at least as early as April 21, 2014, and continuing to on or about March 2, 2015, in the Western District of Arkansas, and elsewhere, the Defendants, **PAUL PETERSEN and MAKI TAKEHISA,** did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of some specified unlawful activity, that is, Alien Smuggling, Wire Fraud, and Visa Fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## THE MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy charged in Count Nineteen included, among others, the following:

30. Over the course of the conspiracy the defendants did conspire, with each other and others known and unknown to the Grand Jury, concerning the transportation of pregnant women from the RMI to the Western District of Arkansas in violation of the Compact.

31. It was part of the conspiracy that **PETERSEN** would offer to pay the women large sums of United States Currency to induce them to both travel to the Western District of Arkansas and also to put their babies up for adoption in the Western District of Arkansas.

32. It was further part of the conspiracy to commit money laundering that **PETERSEN** intentionally concealed his own involvement in the payments of United States Currency to pregnant Marshallese women by sending wire transfers from a bank account he controlled in Arizona to **TAKEHISA's** bank account in Arkansas.

33. It was further part of the conspiracy that **TAKEHISA** withdrew large sums of money wired by **PETERSEN** into her account in cash. **TAKEHISA** used this cash to make payments to the pregnant Marshallese women.

34. It was further part of the conspiracy that **PETERSEN** conspired to conduct approximately 300 wire transactions to transfer a total of approximately $1,050,157.20 into a bank account that **TAKEHISA** controlled. It was part of the conspiracy that **TAKEHISA** conducted approximately 214 transactions and withdrew a total of approximately $796,174.00 from a bank account that she controlled.

All the acts described in Count Nineteen are in violation of Title 18, United States Code, Section 1956(h).

A True Bill.

*/s/Grand Jury Foreperson*
Grand Jury Foreperson

DUANE (DAK) KEES
UNITED STATES ATTORNEY

By: _____
Clay Fowlkes
Assistant U.S. Attorney
Arkansas Bar No. 2003191
414 Parker Avenue
Fort Smith, AR 72901
Telephone: (479) 783-5125
E-mail: Clay.Fowlkes@usdoj.gov

12